**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4154**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY LAMAR LOGAN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr.,
District Judge. (CR-02-200)

_____

Submitted:  September 11, 2003    Decided:  September 25, 2003

_____

Before WIDENER, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury,
Jr., Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra
J. Hairston, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Gregory Lamar Logan was convicted of distribution of fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000). The district court sentenced Logan to 165 months' imprisonment. The sole issue Logan raises on appeal is whether the trial court erred when it allowed testimony concerning his prior drug trafficking activities under Federal Rule of Evidence 404(b).

We review the district court's admission of evidence under Rule 404(b) for abuse of discretion. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). In order to be admissible: "(1) the prior-act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) as required by Federal Rule of Evidence 403, its probative value must not be 'substantially outweighed' by its prejudicial nature." Id. We have reviewed the record and the parties' briefs and conclude the district court did not abuse its discretion by admitting Travis Knight's testimony about prior drug-related conversations between Logan and him. We also find no abuse of discretion in the admission of Joe White's testimony that he had engaged in occasional drug deals with Logan over a six-month period up to February 2002. The evidence of Logan's similar, prior drug-related activities was admissible in order to prove Logan's motive and intent.

2

Accordingly, we affirm Logan's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED